JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Appellant Darrick Wade appeals his conviction for breaking and entering and theft. After a thorough review of the record, and for the reasons set forth below, we affirm.
 {¶ 2} On June 20, 2006, the Cuyahoga County Grand Jury issued an indictment against appellant, charging him with one count of breaking and entering, in violation of R.C. 2911.13(A), a fifth degree felony, and one count of theft of property in the amount less than $500, in violation of R.C. 2913.02, a first degree misdemeanor. At his arraignment on July 5, 2006, appellant entered a plea of not guilty on both counts.
 {¶ 3} On October 23, 2006, a jury trial commenced. After the state's case was presented, appellant made a Crim.R. 29 motion for acquittal, which the court denied. In the defense's case, appellant testified on his own behalf. At the close of the defense's case, appellant renewed his motion for acquittal, and it was again denied. On October 24, 2006, the jury returned a guilty verdict on both counts of the indictment. On December 7, 2006, the trial court sentenced appellant to serve concurrent terms of imprisonment of six months on count one and 180 days on count two.
 {¶ 4} Appellant filed his notice of appeal on January 4, 2007.
 {¶ 5} The facts that give rise to this appeal occurred on May 8, 2006. Bowman Industries had been hired to perform the demolition process of a *Page 4 
warehouse owned and operated by Federal Equipment Company, located at 6040 Truscon Avenue in Cleveland, Ohio. On that date, at approximately 6:50 p.m., a private security officer for Cuyahoga Valley Patrol allegedly witnessed appellant attempting to remove copper wiring and pipes from in and around the warehouse by placing them in his pickup truck.
 {¶ 6} At trial, the state presented witnesses who testified that appellant had no permission to be at the location, nor permission to remove any salvage materials, including copper wiring, from the property. These witnesses included Edward Nehez, the vice president of operations for Federal Equipment Company; Kenneth Niedhammer, the security officer for Cuyahoga Valley Patrol; and Daniel David, a Cleveland police officer.
 {¶ 7} Edward Nehez testified regarding the issue of ownership of the property. He stated that the warehouse was owned by Federal Equipment Company, that Bowman Industries had been hired to demolish the building, and that only Bowman Industries' employees were entitled to take anything from the property as part of the demolition process. Nehez testified that Bill Bowman, owner of Bowman Industries, never gave anyone permission to be on the property except his employees in the course of their work demolishing the warehouse.
 {¶ 8} Kenneth Niedhammer testified that he observed appellant enter the area around the building. There was no dispute that the fence around the area in which appellant was observed was open, and that the overhead warehouse door *Page 5 
was open. The weather that day was clear, and it was still sunny at 6:50 p.m. Niedhammer testified that he approached appellant, and appellant told him he had permission to be on the property and to take scrap materials. Niedhammer testified he detained appellant while he made some phone calls.
 {¶ 9} According to Niedhammer's testimony, at no time during his interaction with appellant was appellant uncooperative; in fact, Niedhammer testified that appellant was forthcoming about the details of his actions. Niedhammer testified that he contacted the Cleveland Police Department, and Officer Daniel David arrived on the scene approximately one hour later. Officer David testified that he spoke with Niedhammer, verified appellant's identity and his ownership of the pickup truck, and arrested appellant.
 {¶ 10} Appellant testified on his own behalf. He testified that he was a licensed contractor in the scrapping business and had owned his own company for 13 years. He testified that he had spoken to a Bowman employee earlier in the day on May 8th, and the employee told appellant he could retrieve loose scrap metal from around the perimeter of the building after 5:00 p.m. Appellant testified he returned to the warehouse around 6:00 p.m. that evening and parked his truck in plain view near the entrance to the warehouse. He then began putting copper wire and pieces of metal pipe he found near an open demolition area of the building into his truck. Appellant testified that during the time he was loading his truck, the security officer drove up to him and asked him what he was doing. Appellant testified that he told the security *Page 6 
officer he had permission to be there and that he was getting scrap from the outside perimeter of the building and not from inside the warehouse.
 {¶ 11} Appellant testified that the value of the scrap material he put in his truck was approximately $20. He testified that some time after his arrest, he spoke with Bill Bowman and asked Bowman if the employee who allegedly gave him permission to take scrap materials would tell his story to the police. Appellant testified that Bowman told him that this employee refused to verify appellant's story because the employee knew it was against company policy, and he was afraid to lose his job. Bowman did not testify, so this portion of appellant's story was not corroborated by another witness.
 {¶ 12} The jury returned a guilty verdict on the breaking and entering charge and the theft charge.
 Review and Analysis {¶ 13} "The trial court erred in denying appellant's motions for acquittal of the charges since the state failed to sustain its burden of proof."
 {¶ 14} In his sole assignment of error, appellant argues that the evidence presented at trial was not sufficient to support a guilty verdict on either count. Specifically, he argues that on the breaking and entering charge, the state failed to present evidence that he acted with "force, stealth, or deception" or that he acted "with purpose to commit theft"; and on the theft charge, the state failed to demonstrate ownership of the property. *Page 7 
 {¶ 15} Crim.R. 29(A) states, in pertinent part, "[t]he court on motion of a defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, information, or complaint, if the evidence is insufficient to sustain a conviction of such offense or offenses." Under Crim.R. 29, a trial court "shall not order an entry of acquittal if the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt." State v. Bridgeman (1978),55 Ohio St.2d 261, syllabus. "A motion for judgment of acquittal under Crim.R. 29(A) should only be granted where reasonable minds could not fail to find reasonable doubt." State v. Apanovitch (1987),33 Ohio St.3d 18, 23.
 {¶ 16} Thus, the test an appellate court must apply in reviewing a challenge based on a denial of a motion for acquittal is the same as a challenge based on the sufficiency of the evidence to support a conviction. See State v. Bell (May 26, 1994), Cuyahoga App. No. 65356. In State v. Jenks (1991), 61 Ohio St.3d 259, 273, the Ohio Supreme Court set forth the test an appellate court should apply when reviewing the sufficiency of the evidence to support a conviction:
 {¶ 17} "[T]he relevant inquiry on appeal is whether any reasonable trier of fact could have found the defendant guilty beyond a reasonable doubt. In other words, an appellate court's function when reviewing the sufficiency of the evidence is to examine the evidence admitted at trial and determine whether such evidence, if *Page 8 
believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt." State v. Eley (1978), 56 Ohio St.2d 169. See, also, Jackson v. Virginia (1979), 443 U.S. 307, 99 S.Ct 2781, 61 L.Ed.2d 560.
 Theft Conviction {¶ 18} We first address the sufficiency of the evidence regarding the charge of theft. R.C. 2913.02 states that "(A) No person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either the property or services in any of the following ways: (1) without the consent of the owner or person authorized to give consent; (2) beyond the scope of the express or implied consent of the owner or person authorized to give consent; (3) by deception; (4) by threat; (5) by intimidation."
 {¶ 19} There was conflicting testimony as to whether appellant had consent from Bowman Industries to be on Federal Equipment Company property and to remove scrap material. Appellant argues that a Bowman employee gave him permission, but he was unable to identify that employee by name. The state presented two witnesses, Edward Nehez and Kenneth Niedhammer, who both testified that Bill Bowman never gave anyone except his employees permission to be on a job site. They further testified that Bill Bowman did not specifically give appellant permission to be at the warehouse on May 8th or any other day. Appellant contradicted the state's witnesses with only his own testimony that he had permission from a Bowman employee. *Page 9 
 {¶ 20} The facts presented to the jury were sufficient to support a finding that appellant did not have consent from "the owner or person authorized to give consent." R.C. 2913.02(A)(1). Appellant did not produce a witness to testify that he had consent. Further, he testified that Bowman told him no employee would come forward because it was against company policy to give non-employees consent to remove scrap material. Bowman himself was not called by the defense to admit or deny the truth of appellant's story.
 {¶ 21} Appellant did not refute the issue of lack of consent as an element of theft. Having examined the evidence admitted at trial, we find that such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. Clearly, the jury believed that appellant did not have consent to remove scrap material from the warehouse on May 8th.
 {¶ 22} Appellant also challenges the issue of ownership of the scrap material he put in his truck. We find that his argument is without merit, and the jury could reasonably find that the scrap material found in appellant's possession was rightfully owned by Federal Equipment Company and/or by Bowman Industries. Appellant offered no contradictory testimony regarding the ownership of the materials he took from the warehouse site and placed in his truck. Therefore, we find that there was sufficient evidence admitted at trial to support a guilty verdict on the theft charge.
 Breaking and Entering Conviction *Page 10 {¶ 23} With respect to the charge of breaking and entering, appellant argues that his actions were open and obvious and that he did not act with the purpose to commit theft. R.C. 2911.13 states: "(A) No person by force, stealth, or deception, shall trespass in an unoccupied structure, with purpose to commit therein any theft offense, as defined in section2913.01 of the Revised Code, or any felony."
 {¶ 24} Appellant argues that the state did not introduce evidence upon which reasonable minds could find that he acted with "force, stealth or deception" to "commit therein any theft offense" when he removed scrap materials from the warehouse site and put them in his truck in the broad daylight.
 {¶ 25} We do not agree. While it is true that appellant gained access to the warehouse property in broad daylight and without forcing his way through a locked entrance, a jury could reasonably find that he acted with deception. Several witnesses saw appellant enter the property and take materials that did not belong to him. His actions led to the inference that he had consent to be there. Also, he told the security guard that he had permission to take the copper wiring when, in fact, he was unable to produce any witness to confirm this. A jury could reasonably believe that appellant deceived the security guard by saying he had permission to be on the Federal Equipment Company property, particularly in light of the complete lack of evidence to the contrary.
 {¶ 26} Furthermore, a jury could reasonably believe that appellant entered the Federal Equipment Company property in order to take the copper wiring. Without *Page 11 
evidence that appellant had permission to take the scrap materials, we find there was sufficient evidence admitted at trial to support a guilty verdict on the breaking and entering charge.
Judgment is hereby affirmed.
It is ordered that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
FRANK D. CELEBREZZE, JR., ADMINISTRATIVE JUDGE
 ANN DYKE, J., and MARY J. BOYLE, J., CONCUR. *Page 1